### Application of Walter KRONIG and Gerhard Scharfe.

### Patent Appeal No. 76–556.

United States Court of Customs, and Patent Appeals.

July 22, 1976.

---

Burgess, Dinklage & Sprung, New York City, attorneys of record, for appellants; Peter F. Felfe, New York City, of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Fred E. McKelvey, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

LANE, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals (board) affirming the examiner's rejection of claims 1–9, 12–15, and 20–27 in appellants' application entitled "Process for the Production of Allyl Acetate."[1] We affirm.

## The Invention

The rejected claims relate to a process for preparing allyl acetate in which propylene, oxygen, and acetic acid are reacted together as follows:

$$2\ CH_3 - \overset{O}{\overset{\|}{C}} - OH + 2\ CH_3 - CH = CH_2 + O_2$$

$$\text{acetic acid} \qquad \text{propylene} \qquad \text{oxygen}$$

$$\longrightarrow 2\ CH_3 - \overset{O}{\overset{\|}{C}} - O - CH_2 - CH = CH_2 + 2\ H_2O$$

$$\text{allyl acetate} \qquad \text{water}$$

The process is catalyzed by a three-component catalyst (palladium metal, an iron compound, and an alkali metal compound) under specified reaction conditions. Illustrative claim 1 follows:

1. Process for the production of allyl acetate in which propylene, oxygen and acetic acid are reacted together in the gaseous phase at elevated temperature in the presence of a three component catalyst comprising, on a support, (1) palladium metal, (2) an iron catalyst selected from the group consisting of iron compounds and iron complex compounds; and (3) an alkali metal catalyst selected from the group consisting of alkali metal compounds and alkali metal complex compounds; said compounds and complex compounds being free of chlorine, bromine, iodine, sulfur and nitrogen and wherein 5 to 300 moles of water are added to the reaction per 100 moles of acetic acid.

## The Examiner

In his answer, the examiner relied upon the following seven references:

| | | |
|---|---|---|
| Farbwerke Hoechst A.G. (hereinafter Hoechst) (British) | 999,551 | July 28, 1965 |
| Holzrichter et al. | 3,275,680 | Sept. 27, 1966 |
| Yasui et al. (Canadian) | 771,193 | Nov. 7, 1967 |
| Swift | 3,641,121 | Feb. 8, 1972 |
| Bryant et al. | 3,534,088 | Oct. 13, 1970 |
| Kronig et al. (German) | 1,296,621 | June 4, 1969 |
| Clark et al. (British) | 975,683 | Nov. 18, 1964 |

1. Serial No. 855,403, filed September 4, 1969.

Of these, two were not used in the principal rejection of the claims under 35 U.S.C. § 103, but were employed to show specific limitations in claims 5 and 6 (Kronig et al.) and in claim 9 (Bryant et al.). Furthermore, Clark et al. was applied only "optionally." In effect, the principal rejection was based upon four references, viz., Hoechst, Holzrichter et al., Yasui et al., and Swift.

Hoechst discloses the reaction of acetic acid, olefin (e. g. ethylene or propylene) and oxygen using a three-component catalyst system. Thus, example 1 employs ethylene as the olefin and forms vinyl acetate in the presence of a palladium salt, an iron salt, and a potassium salt.[2] There is no example or specific description in Hoechst specifying what product forms when propylene is used as the olefin. Hoechst does not add water as recited in appellants' claims and uses a palladium salt instead of the free palladium metal recited in appellants' claims. The examiner viewed Hoechst as the closest single prior art reference. In the examiner's view, it would have been obvious to modify Hoechst by substituting free palladium metal for the palladium salt therein, since Swift teaches the interchangeability of palladium in either the salt or free metal form. Moreover, from Yasui et al., one of ordinary skill would have appreciated the advantage of using water in the process of Hoechst when free palladium metal is employed therein. Finally, allyl acetate would have been the expected product when reacting propylene over a free palladium metal catalyst, as specifically described by Holzrichter et al. In this manner, the examiner reasoned that the claimed process would have been obvious from Hoechst taken with Swift, Yasui et al., and Holzrichter et al.

### The Board

The board affirmed the examiner's rejection, but limited its discussion to the Holzri-

chter et al., Yasui et al., and Swift patents. The board viewed Holzrichter et al. as the closest single reference, since that patent specifically discloses a process for preparing allyl acetate in which propylene, oxygen, and acetic acid are reacted together. Holzrichter et al. employ a two-component catalyst comprising palladium metal and an alkali metal compound. The reference does not add water as recited in appellants' claims and does not teach the inclusion, in the catalyst, of an iron compound as recited in appellants' claims. Nevertheless, the board relied upon Yasui et al. for their disclosure that with a metallic palladium catalyst, by-products may be avoided and yields increased by circulating aqueous acetic acid, containing a large amount of water, into the reaction system. Regarding the iron component of appellants' catalyst, the board relied upon Swift, who discloses that iron, as the free metal or in compound form, is a co-catalyst or promoter for any of the noble metals, including palladium. In view of Yasui et al. and Swift, the board reasoned that it would have been obvious to improve Holzrichter et al. by: (1) utilizing acetic acid containing a large amount of water, and (2) adding iron to the Holzrichter et al. catalyst.

### OPINION

This appeal presents two issues for our consideration: (1) whether the rejection, as framed by the board, should have been designated a new ground of rejection under 37 CFR 1.196(b), and (2) whether the claimed process would have been obvious under 35 U.S.C. § 103.

Appellants urge that the ultimate criterion of whether a rejection is considered "new" in a decision by the board is whether appellants have had fair opportunity to react to the thrust of the rejection. We agree with this general proposition, for

**2.** The reaction using ethylene is depicted as follows:

$$2\ CH_3 - \overset{O}{C} - OH \qquad + 2\ CH_2 = CH_2 \qquad + O_2$$

acetic acid        ethylene        oxygen

$$\longrightarrow 2\ CH_3 - \overset{O}{C} - O - CH = CH_2 \qquad + 2\ H_2O$$

vinyl acetate        water

otherwise appellants could be deprived of the administrative due process rights established by 37 CFR 1.196(b) of the Patent and Trademark Office.[3] However, under the facts of this case we disagree with appellants that the board added a new ground of rejection. The *basis* for the examiner's rejection was section 103 obviousness. The *evidence* considered by the examiner to demonstrate obviousness included, principally, the Hoechst, Holzrichter et al., Yasui et al., and Swift patents. In affirming, the board used the same basis, but, without disagreeing with the examiner's approach, limited its discussion to the evidence contained in Holzrichter et al., Yasui et al., and Swift. The board, like the examiner, relied on Holzrichter et al. as specifically describing a process for preparing allyl acetate in which propylene, oxygen, and acetic acid are reacted together. The board further relied on Yasui et al. to show water addition, as did the examiner. Finally, the board relied on Swift, as did the examiner, for its disclosure of one component of the three-component catalyst recited in appellants' claims. The basic thrust of the rejection at the examiner and board level was the same, and we believe that appellants have had fair opportunity to react to that rejection.

In support of their position that the board's rejection was "new," appellants rely on the following line of cases cited in their brief: *In re Waymouth,* 486 F.2d 1058, 179 USPQ 627 (CCPA 1973), *modified,* 489 F.2d 1297, 180 USPQ 453 (CCPA 1974); *In re Eynde,* 480 F.2d 1364, 178 USPQ 470 (CCPA 1973); *In re Echerd,* 471 F.2d 632, 176 USPQ 321 (CCPA 1973); *In re Moore,* 444 F.2d 572, 58 CCPA 1340, 170 USPQ 260 (1971); *In re Ahlert,* 424 F.2d 1088, 57 CCPA 1023, 165 USPQ 418 (1970); *In re Wiechert,* 370 F.2d 927, 54 CCPA 957, 152 USPQ 247 (1967); and *In re Bulina,* 362 F.2d 555, 53 CCPA 1275, 150 USPQ 110 (1966). We have carefully studied these cases, but do not find them controlling in view of the distinctive facts at bar. Having compared the rationale of the rejection advanced by the examiner and the board on this record, we are convinced that the basic thrust of the rejection at the examiner and board level was the same.

Turning to the merits of the obviousness rejection under 35 U.S.C. § 103, we do not disagree with the examiner's analysis of the situation and application of the Hoechst patent. Nevertheless, we believe that the board was perceptive in viewing Holzrichter et al. as the closest single prior art reference, since that patent specifically describes a process for preparing allyl acetate in which propylene, oxygen, and acetic acid are reacted together. Holzrichter et al. differ from the claimed process by (1) not adding water as recited in the claims, and by (2) using a two-component catalyst (palladium metal and an alkali metal compound) which lacks appellants' iron compound as the third component. We note that Holzrichter et al. further disclose the corresponding process for preparing vinyl acetate by reacting together ethylene, oxygen, and acetic acid. Yasui et al. and Swift also prepare vinyl acetate from ethylene, oxygen, and acetic acid. Yasui et al. disclose that when metallic palladium is used

---

37 CFR 1.196(b) reads:

Should the Board of Appeals have knowledge of any grounds not involved in the appeal for rejecting any appealed claim, it may include in its decision a statement to that effect with its reasons for so holding, which statement shall constitute a rejection of the claims. The appellant may submit an appropriate amendment of the claims so rejected or a showing of facts, or both, and have the matter reconsidered by the primary examiner. The statement shall be binding upon the primary examiner unless an amendment or showing of facts not previously of record be made which, in the opinion of the primary

examiner, avoids the additional ground for rejection stated in the decision. The applicant may waive such reconsideration before the primary examiner and have the case reconsidered by the Board of Appeals upon the same record before them [sic]. Where request for such reconsideration is made the Board of Appeals shall, if necessary, render a new decision which shall include all grounds upon which a patent is refused. The applicant may waive reconsideration by the Board of Appeals and treat the decision, including the added grounds for rejection given by the Board of Appeals, as a final decision in the case.

as the catalyst under controlled low partial pressures of oxygen and acetic acid, product yields are increased by using acetic acid having a high water content (27 to 77 mol % water). Swift discloses that a co-catalyst or promoter, such as iron, either as the free metal or in compound form, serves to stabilize the selectivity of the noble metal catalyst, for example palladium. In view of Yasui et al. and Swift, we agree with the board that it would have been obvious to improve Holzrichter et al. by: (1) utilizing acetic acid containing 27 to 77 mol % water under controlled low partial pressures of oxygen and acetic acid, and (2) adding an iron compound to the Holzrichter et al. catalyst. Using water and an iron compound in the manner taught by the prior art would have been expected to increase product yields and catalyst stability in the process of Holzrichter et al.

In their brief, appellants argue that Holzrichter et al. fail to disclose the addition of water or the use of an iron compound in the catalyst, as recited in appellants' claims. However, as discussed above, Yasui et al. and Swift disclose these very features. Appellants urge that Yasui et al. and Swift are strictly limited to the production of vinyl acetate, not at issue here. We disagree. Whereas Holzrichter et al., Yasui et al., and Swift are threaded by their common disclosure of preparing vinyl acetate from ethylene, Holzrichter et al. further disclose the analogous preparation of allyl acetate from propylene. We believe that one of ordinary skill in the art would have been motivated to apply the teachings of Yasui et al. and Swift to the Holzrichter et al. process in order to obtain improvements therein, and we view the combination of references as being apt. Appellants further allege that the effect of water addition which they disclose (to lengthen the service life of the catalyst) is different from the effect of water addition disclosed in Yasui et al. Nevertheless, Yasui et al. provide ample motivation to add water in order to increase product yields, and we do not view the rejection as deficient merely because appellants allege a different advantage re-sulting from the addition of water. Obviousness under 35 U.S.C. § 103 does not require absolute predictability, *In re Farnham,* 342 F.2d 455, 52 CCPA 1118, 144 USPQ 746 (1965), and it is sufficient here that Yasui et al. clearly suggests doing what appellants have done, viz., adding water. *In re Gershon,* 372 F.2d 535, 54 CCPA 1066, 152 USPQ 602 (1967). In any event, increased catalyst stability would have been expected by adding an iron compound, as disclosed by Swift. The claimed process, including increased product yields and increased catalyst stability, would have been suggested by the prior art references.

In their brief, appellants further argue that Swift contemplates a large number of catalyst systems. Nevertheless, we believe that Swift fairly suggests the use of an iron compound, inter alia, as a suitable co-catalyst which would be expected to stabilize the selectivity of the principal palladium catalyst of Holzrichter et al. Appellants argue that Swift and other art of record, not relied upon by the board, discourage the use of water. While this may be true, nevertheless Yasui et al. shows how the presence of water can be advantageously used in conjunction with a palladium metal catalyst under appropriately low partial pressures of oxygen and acetic acid. Finally, appellants allege that the board ignored pertinent prior art, principally the Hoechst patent, which teaches away from the claimed process. We disagree. We believe, as did the board, that Hoechst is cumulative evidence of obviousness. We view Holzrichter et al. as hard, probative evidence that propylene, oxygen, and acetic acid react to form allyl acetate in the presence of free palladium metal catalyst, and we do not believe that Hoechst or any other art of record undercuts the specific teaching of Holzrichter et al. or teaches away from the claimed process.

Accordingly, the rejection of claims 1–9, 12–15, and 20–27 under 35 U.S.C. § 103 is *affirmed.*

*AFFIRMED.*