837 F.2d 1098
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Ole K. NILSSEN.
 No. 87-1625.
 United States Court of Appeals, Federal Circuit.
 Dec. 24, 1987.
 
 Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Board of Patent Appeals and Interferences affirming the Examiner's rejection of claims 48 through 51 of Patent Application No. 541,489, as obvious and unpatentable over Nilssen, No. 4,008,414, in view of Agnew, No. 4,184,128, is affirmed.
 
 OPINION
 
 2
 Appellant does not disagree that appropriate modification and combination of Nilssen and Agnew might yield the claimed invention. His only argument is that there is insufficient motivation to combine them. Obviousness, of course, is a question of law, and the Examiner's underlying factual determinations may only be reversed if they are "clearly erroneous." In re De Blauwe, 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed.Cir.1984).
 
 
 3
 Appellant argues that one of ordinary skill in the inverter art would recognize that the amount of power dissipated by the trigger means is so minuscule as to be substantially negligible. Therefore, one of ordinary skill would not have been motivated to modify Nilssen by incorporating the teachings of Agnew, especially when the cost of adding an additional resistor, necessary because of the added power that would be dissipated from that connection, is factored in. This, he says, is "apt" to be "about" three times the amount of savings.
 
 
 4
 The Commissioner's argument that this is a hindsight rationalization for a lack of economic incentive to combine, even if appellant's figures are correct, is persuasive. In any event, it does not go to technical reasons why the combination would not have been obvious. Those, not business reasons, control the obviousness determination. Orthopedic Equipment Co., Inc. v. United States, 702 F.2d 1005, 1013, 217 USPQ 193, 200 (Fed.Cir.1983), says that "the fact that the two disclosed apparatus would not be combined by businessmen for economic reasons is not the same as saying that it could not be done because skilled persons in the art felt that there was some technological incompatibility that prevented their combination. Only the latter fact is telling on the issue of nonobviousness."
 
 
 5
 We are also persuaded by the sufficiency of the Examiner's observation that "good engineering practice dictates against useless power dissipation whenever it can be avoided." This is a valid motivation which, when combined with the teaching in Agnew of how to disable an inverter when the load is removed, would have been sufficient to suggest to one of ordinary skill in the art to disable the trigger means in Nilssen upon removal of the load. Appellant disagrees that a person of ordinary skill in the art would have known in advance that the potential energy savings would have been minuscule, and now disavows any motivation based on energy savings. But our task is to look for clear error in the record, and we find none.
 
 
 6
 Contrary to the Commissioner's argument that it was an afterthought, it appears a reason for the modification may have been to eliminate radio frequency interference. The application said, "A third object is that of providing an electronic ballasting means that exhibits a particularly low level of electromagnetic radiated interference." But even if appellant did have reasons different from energy conservation for making the combination, it is sufficient that the prior art provides motivation to arrive at the claimed combination. See In re Kronig, 539 F.2d 1300, 1304, 190 USPQ 425, 427 (CCPA 1976). Accordingly, we find no clear error and affirm.