852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Robert E. ANSEL, Orvid R. Cutler, Jr., Timothy E.
Bishop and George Pasternack.
 No. 88-1093.
 United States Court of Appeals, Federal Circuit.
 June 23, 1988.
 
 Before FRIEDMAN, ARCHER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 DECISION
 The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the examiner's rejection under 35 U.S.C. Sec. 103 (1982 & Supp.III) of claims 3-5, 9, 11-12, 14, 16, 18, and 20-22 of appellants' application, Serial No. 448,252, entitled "Single-Coated Optical Fiber," is vacated and the case is remanded.
 
 OPINION
 
 1
 Claim 18, the single independent claim in the application, recites a method of producing coated optical glass fiber comprising the step of applying a coating of radiation-curable liquid including three specified components, and the step of then curing the coating by exposing the coated fiber to radiation. According to the appellants, their claimed invention is the first single-coat method of producing optical glass fiber which results in a coated fiber that possesses great hardness and strength, as well as high elasticity (as indicated by a low modulus) at low temperatures. The high elasticity is desirable to minimize the effects of "microbending" between the coating and the optical glass fiber at varying temperatures. Prior processes that yielded coated fiber having similar properties required two separate coatings, at greater expense.
 
 
 2
 The examiner rejected the appellants' claims as being obvious under 35 U.S.C. Sec. 103 in view of two "primary" references, United States Patents Nos. 4,319,811 issued to Tu et al. and 4,390,589 issued to Geyling et al. ("Tu" and "Geyling," respectively) when considered with two "secondary" references, United States Patents Nos. 4,131,602 issued to Hodakowski and 4,145,509 issued to Bhatia ("Hodakowski" and "Bhatia," respectively). The board affirmed the rejection, but chose to do so on "simpler" grounds.
 
 
 3
 Specifically, the board concluded that the Tu, Geyling, and Bhatia references were "superfluous" to Hodakowski. In the board's view, Hodakowski by itself, when combined with certain "acknowledgments" made by the appellants in their specification, was sufficient to support the examiner's obviousness rejection. On appellants' request for reconsideration, the board summarily affirmed its decision and denied appellants' further request that the board designate the rejection as "new" and allow the appellants to introduce evidence to rebut the new rejection. This appeal followed.
 
 
 4
 The test for determining whether the board's rejection is "new" centers on whether the "basic thrusts" of the board's rejection and the examiner's rejection are different. If the basic thrusts of the two rejections are not the same, then the applicants would not already have had a "fair opportunity" to respond to the thrust of the board's rejection before the examiner, and the board's rejection can fairly be said to warrant a further opportunity for response. In re Kronig, 539 F.2d 1300, 1302, 1303, 190 USPQ 425, 426, 427 (CCPA 1976). Denial of an opportunity to respond to a new rejection represents a deprivation of the applicants' administrative due process rights. Id. at 1303, 190 USPQ at 426.
 
 
 5
 In the present case, with regard to the coating composition claimed by the applicants, the examiner's rejection relied upon both Hodakowski and Bhatia to establish obviousness. Specifically, the examiner found that while Hodakowski generally disclosed urethane acrylate usable for coating ordinary glass (but not optic fibers) and the three material categories in percentages as claimed by appellants, the reference failed in its teaching as to "diacrylate-terminated" urethane acrylate. The examiner stated that the urethane acrylate of Hodakowski "would have more than two acrylate groups per average polyurethane molecule in the composition." To overcome this deficiency in Hodakowski's teachings, the examiner offered the Bhatia reference, stating that Bhatia discloses polyurethane acrylate materials prepared "under conditions preserving difunctionality which produce a di-acrylated polyurethane."
 
 
 6
 In contrast, the board dismissed Bhatia as superfluous, stating that Hodakowski disclosed a mixture of difunctional and polyfunctional urethane oligomers "which, as broadly disclosed, are quite difficult to distinguish" from the coating composition claimed by the appellants. However, the broad disclosure in Hodakowski consisted of a general and brief description of what Hodakowski considered as prior art distinct from his invention. Furthermore, the prior art described was not made of record in the prosecution of the appellants' application nor addressed by the examiner.
 
 
 7
 We cannot agree with the board that its reasoning does not represent a significant shift in the basic thrust of the rejection. Not only do the rejections at issue here represent different views of what the cited references teach, they also require the applicants to respond in quite different manners. The examiner's rejection may encourage the applicants to attack both Hodakowski and Bhatia separately but still permits the applicants to accept the examiner's view of the references and only attack the examiner's conclusion that one of ordinary skill would be led to combine the teachings of the references. On the other hand, the board's rejection necessitates a direct challenge to Hodakowski alone, as newly characterized by the board, since the new characterization, if not challenged, would serve to preclude the patenting of the claimed invention. See In re Echerd, 471 F.2d 632, 635, 176 USPQ 321, 323 (CCPA 1973) (board's new reliance on only one of two references and on new portions of that reference to support an alternative theory constitutes a new rejection and possibly even shifts the statutory basis for the rejection). Compare In re Hughes, 345 F.2d 184, 185-86, 145 USPQ 467, 469 (CCPA 1965) (where the statutory basis of the examiner's and board's rejections are 35 U.S.C. Secs. 102 and 103, respectively, the issues raised may be vastly different, and may call for the production and introduction of quite different types of evidence).
 
 
 8
 Applicants who are met by a new rejection at the board level are permitted, as a matter of right, to submit an appropriate amendment of the claims and/or a showing of facts to the examiner, so that the examiner may consider new evidence on newly presented issues. 37 CFR Sec. 1.196(b) (1987). In this case, by refusing to declare the rejection new, the board denied the appellants the opportunity to, if possible, "amend around" Hodakowski or show the examiner additional facts or evidence which might rebut the new rejection. The board's opinion noted that the record lacked evidence comparing the applicants' coating compositions with the compositions of Hodakowski. As discussed in appellants' request for reconsideration, however, their comparative evidence was available but was not particularly called for in response to the examiner's rejection. Supposedly, appellants' new evidence goes directly to whether, as the board said, the applicants' compositions and Hodakowski's compositions are in fact "difficult to distinguish." In the context of the board's new rejection, such evidence is not only relevant, but its submission to the examiner is specifically provided for, as of right, under 37 CFR Sec. 1.196(b).
 
 
 9
 Thus, to allow the appellants to respond to the board's new rejection with an appropriate amendment and/or showing of facts, the board's decision is vacated and the case is remanded.