# United States Court of Appeals for the Federal Circuit

---

(Serial No. 09/863,585)

**IN RE PHYLLIS LEITHEM, CHARLES A. KREMERS,
W. PAUL HARRELL, STEPHEN LEWIS, KARL D. SEARS,
QUAN HE, AND PETER R. ABITZ**

---

2011-1030

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: September 19, 2011

---

WILLIAM J. SPATZ, Kramer Levin Naftalis & Frankel LLP, of New York, New York, argued for appellants. With him on the brief was JEAN-PAUL CIARDULLO.

MARY L. KELLY, Associate Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for appellee. With her on the brief were RAYMOND T. CHEN, Solicitor and FRANCES M. LYNCH, Associate Solicitor.

---

Before NEWMAN, BRYSON, and LINN, *Circuit Judges.*

LINN, *Circuit Judge.*

Phyllis Leithem et al. (collectively, "Leithem") appeal the decision of the Board of Patent Appeals and Interferences ("Board") sustaining the unpatentability of the sole pending claim of U.S. Patent Application No. 09/863,585 (filed May 16, 2001) ("the '585 Application") for obviousness. *Ex parte Leithem*, No. 2008-0222 (B.P.A.I. Sept. 4, 2008) ("*Decision*"), *reconsideration denied*, (B.P.A.I. July 15, 2010) ("*Reconsideration*"). Because the Board, in affirming the examiner's rejection, relied on a new ground of rejection, this court vacates and remands.

## I. BACKGROUND

Leithem's patent application discloses an improved personal hygiene device ("diaper"). Traditional diapers are constructed using an absorbent core of dry shredded wood fiber pulp, known as fluff pulp, interposed between a water barrier sheet and a permeable layer that allows liquid to pass through to the absorbent fluff pulp core. For absorption intensive devices, such as baby diapers, the fluff pulp is often pretreated with a chemical cross-linking agent. Chemical cross-linking increases the wet stiffness of the fluff pulp so that it retains its bulk and pore volume when wet, thereby enhancing its absorbency and preventing "wet collapse." Appellant Br. 4, 18. Leithem contends that prior to the discovery disclosed in the '585 Application, it was not believed to be possible to achieve the absorption, liquid retention, softness, and pad integrity of modern diapers without using chemically cross-linked fluff pulp.

Leithem sought to invent a diaper that would avoid the expense of using chemically cross-linked fluff pulp while still retaining the superior absorbency properties characteristic of a cross-linked fluff pulp. Leithem discov-

ered that when wood pulp is extracted with a caustic substance at low temperature and is then dried and fluffed, the resulting fluff pulp is imbued with superior absorbency properties without the need for the extra step and expense of chemically cross-linking the fluff pulp.

Independent claim 104 is pending and on appeal. Claim 104 recites:

104. An absorbent personal hygiene device comprising:

a layer that allows liquid to pass,

a water barrier sheet,

an absorbent core interposed between said layer and said sheet, the absorbent core containing

at least about 25% of fluffed wood fiber pulp, wherein said fluffed wood fiber pulp comprises

wood fiber pulp that has been cold caustic extracted and fluffed by mechanical action and is without chemical crosslinking.

The examiner rejected the claim as obvious under 35 U.S.C. § 103 over U.S. Patent No. 3,658,064 ("Pociluyko") in view of U.S. Patent No. 2,083,575 ("Novak"). Office Action of June 25, 2004 ("*Office Action*"), at 2-4. The examiner explained that Pociluyko discloses a diaper satisfying every element of claim 104 except that Pociluyko was "silent as to the method of manufacturing the fluff pulp." *Id.* at 3. In other words, Pociluyko did not disclose using a fluff pulp that satisfied the cold caustic extraction limitation. The examiner then explained that Novak discloses cold caustic extraction of wood pulp and "a method of making fluff pulp." *Id.* at 3-4. According to the examiner, "[i]t would have been obvious to one having

ordinary skill in the art . . . to modify the invention of Pociluyko with a fluff pulp made by the method taught in Novak." *Id.* at 3.

On appeal to the Board, Leithem argued that "Novak does not teach that his pulp is fluffed." Supp. Appellant Br. of Aug. 18, 2004 ("Supp. Br."), at 6. Instead, Leithem observed that the pulp product of Novak is a wet-laid paper and not a fluff material as the examiner alleged. *Id.* Because Novak describes the manufacture of wet-laid paper, not dry shredded fluff, Leithem argued that those skilled in the art could not simply substitute the wet-laid paper product of Novak for the dried fluff pulp of Pociluyko to produce the claimed invention. *Id.* Accordingly, Leithem contended that the examiner's § 103 rejection was improper.

The Board, in its initial decision, agreed with Leithem that Novak only discloses the cold caustic treatment of pulp to produce a wet-laid paper. *Decision* at 8. The Board found that, while Novak itself does not disclose a fluffed pulp, "the Novak pulp is a pulp which may be fluffed for use in an absorbent core." *Id.* The Board reached this conclusion because Novak's goal was to create a more absorptive paper and one of skill in the art "would have had reason to use this pulp as a fluffed pulp in an absorbent product such as Pociluyko." *Id.* at 9. The Board therefore sustained the examiner's rejection of claim 104 as obvious.

Leithem then petitioned the Board for rehearing. Leithem contended that the Board, in affirming the examiner, relied on a new ground of rejection. Specifically, Leithem explained that the examiner did not find that the caustic extracted pulp of Novak could be mechanically fluffed and used in the product of Pociluyko. Instead, the examiner simply found that Novak's wet-laid pulp was itself already a fluff pulp. Thus, according to Leithem,

the Board relied on a new ground of rejection when it affirmed the examiner on the basis that Novak's pulp was not fluffed, but could be dried, fluffed, and then used as disclosed in Pociluyko.  Req. for Reh'g of Nov. 3, 2008, at 3.

The Board disagreed.  The Board initially observed that both the examiner and the Board had rejected the claim under 35 U.S.C. § 103 over Novak and Pociluyko. *Reconsideration* at 3.  Although the Board acknowledged Leithem's argument that Novak does not teach fluffing, the Board reiterated that the examiner found that Novak's pulp was fluffed.  *Id.*  (noting that "Novak further discloses fluffing," "the Examiner again regarded the Novak pulp as fluffed," and "the pulp of Novak was a 'fluff' pulp, not the felt.")  Because the examiner's rejection referred to "pulp," Leithem's appeal brief to the Board referred to "pulp," and the Board referred to "pulp" in its initial decision, the Board determined that the thrust of the rejection had not changed and denied Leithem's request for rehearing.  *Id.* at 4.  Leithem filed a timely appeal and this court has jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II. Discussion

This court applies the standards set forth in the Administrative Procedure Act ("the Act") at 5 U.S.C. § 706 in reviewing decisions from the Board.  *See In re Gartside*, 203 F.3d 1305, 1311 (Fed. Cir. 2000).  Under 5 U.S.C. § 706, this court "shall . . . set aside agency action . . . found to be . . . not in accordance with law."  5 U.S.C. § 706; *In re McDaniel*, 293 F.3d 1379, 1385 (Fed. Cir. 2002).

Leithem argues that the Board relied on a new ground of rejection in affirming the examiner's rejection. Leithem contends that the examiner rejected claim 104 on

the basis that Novak teaches a cold caustic extracted fluff pulp, even though Novak only teaches making wet-laid paper from cold caustic extracted pulp. Appellant Br. 17. Fluff pulp is a dried product resembling a ball of cotton, whereas wet-laid paper is a liquid slurry of water and wood pulp. Leithem asserts that fluff pulp is quite different than wet-laid paper, both structurally and in its absorptive properties. *Id.* Leithem agrees that the wet-laid paper of Novak could be dried and then shredded in a hammermill to make fluff pulp, but points out that this was not the basis of the examiner's rejection. Leithem argues that the Board relied on a new rationale for its rejection by finding that it would have been obvious to take Novak's cold caustic extracted pulp, dry it, shred it into a fluff, and then combine it with the diaper of Pociluyko. *Id.* at 19, 21-23.

The United States Patent and Trademark Office ("Office") responds that "Novak plainly teaches *fluffed* cold caustic-extracted wood pulp." Appellee Br. 12. The Office also contends that "Novak teaches that his cold caustic-extracted wood pulp may be used as a fluff." *Id.* at 8, 13. The Office asserts that Novak teaches "fluffing" because it discloses the use of a Holland beater. *Id.* at 13. According to the Office, the process of beating in a Holland mill equates to the process of fluffing in a hammermill. *Id.* Thus, because the Board and the examiner based their rejections on these shared findings, the Office argues that the Board did not impose a new ground of rejection. *Id.* at 14.

In accordance with the Act, the Office must assure that an applicant's petition is fully and fairly treated at the administrative level. *See In re Kumar*, 418 F.3d 1361, 1367 (Fed. Cir. 2005) (citing *Dickinson v. Zurko*, 527 U.S. 150, 154 (1999)). The Board's statutory authority requires the Board to review, on appeal, adverse decisions of the examiner. 35 U.S.C. § 6(b). Under the Act, an appli-

cant for a patent who appeals a rejection to the Board is entitled to notice of the factual and legal bases upon which the rejection was based. 5 U.S.C. § 554(b)(3). The Board's rules are in accord and provide that when the Board relies upon a new ground of rejection not relied upon by the examiner, the applicant is entitled to reopen prosecution or to request a rehearing. *See* 37 C.F.R. § 41.50(b). The Board need not recite and agree with the examiner's rejection *in haec verba* to avoid issuing a new ground of rejection. "[T]he ultimate criterion of whether a rejection is considered 'new' in a decision by the [B]oard is whether [applicants] have had fair opportunity to react to the thrust of the rejection." *In re Kronig*, 539 F.2d 1300, 1302-03 (CCPA 1976) (holding no new ground of rejection when the Board relied on the same statutory basis and the same reasoning advanced by the examiner).

Mere reliance on the same statutory basis and the same prior art references, alone, is insufficient to avoid making a new ground of rejection when the Board relies on new facts and rationales not previously raised to the applicant by the examiner. *See Kumar*, 418 F.3d at 1367-68. This court's predecessor long acknowledged the right of the Board to make additional findings of fact based upon the Board's own knowledge and experience to "fill in the gaps" that might exist in the examiner's evidentiary showing. *See, e.g., In re Ahlert*, 424 F.2d 1088, 1091-92 (CCPA 1970); *see also In re Moore*, 444 F.2d 572, 574-75 (CCPA 1971). But the Board's power to do so is construed narrowly and when reliance upon such facts changes the thrust of the rejection, the Board's action "does everything but cry out for an opportunity to respond." *Moore*, 444 F.2d at 575; *see Ahlert*, 424 F.2d at 1091. For example, in *Kumar*, although the rejection and asserted prior art relied upon by the Board were the same as those relied upon by the examiner, "the Board found facts not found by the examiner regarding the differences between the prior art and the claimed invention, which in fairness

required an opportunity for response."  418 F.3d at 1368; *Ahlert,* 424 F.2d at 1092 ("These aspects of judicial notice are . . . designed with the purpose in mind of fully utilizing the independent and specialized technical experience of the Patent Office examiners while balancing the applicant's rights to fair notice and an opportunity to be heard.").  This also serves the interests of judicial efficiency.  Rather than reviewing arguments directed towards ever-shifting rejections, this court is instead only presented with arguments concerning those rejections properly made by the examiner and, in due time, reviewed by the Board.  *See* 37 C.F.R. § 41.50(b) ("A new ground of rejection pursuant to this paragraph shall not be considered final for judicial review.").

Here, the examiner cited Novak as teaching a fluff pulp.  *Office Action* at 3.  Leithem appealed this rejection to the Board on the basis that Novak does not contain such a teaching.  Supp. Br. 6.  Leithem argued that Novak's pulp is not fluffed, that Novak does not teach fluffing, and that Novak only teaches wet-laid paper.  *Id.*  This view of Novak is contrary to the examiner's assertion that Novak discloses or teaches fluff pulp.  The Board agreed with Leithem but instead affirmed the examiner's rejection by finding that Novak teaches a pulp *"which may be fluffed."  Decision* at 8.  The Board thus found new facts concerning the scope and content of the prior art.  These new facts relate to whether the prior art discloses or teaches fluffing cold caustic extracted wood pulp to make fluff pulp for use in the diaper of Pociluyko.  These facts were the principal evidence upon which the Board's rejection was based.  Leithem would certainly have responded differently had the examiner's original rejection been premised upon Novak teaching pulp "which may be fluffed" as opposed to teaching fluff pulp which could be directly substituted into the diaper of Pociluyko.  The examiner never articulated, nor relied upon, the former rationale for combining Novak with Pociluyko, and Lei-

them was never given an opportunity to respond to this rejection. Leithem, in filing a petition for rehearing, directly challenged the findings of fact made for the first time by the Board. The thrust of the Board's rejection changes when, as here, it finds facts not found by the examiner regarding the differences between the prior art and the claimed invention, and these facts are the principal evidence upon which the Board's rejection was based. *Kumar*, 418 F.3d at 1368. Accordingly, fairness dictates that the applicant, in this case Leithem, should be afforded an opportunity to respond to the Board's new rejection.

The subsequent proceedings further solidifies this court's conclusion that the thrust of the Board's rejection differed from that of the examiner's rejection. When Leithem sought rehearing as to whether the Board relied upon a new ground of rejection, the Board shifted its characterization of its earlier rejection. On reconsideration, the Board explained that the examiner viewed Novak as disclosing fluff pulp and, because the Board's decision "referred to the pulp in the decision, not the wet-laid [paper]," the Board's initial decision did so as well. *Reconsideration* at 4. This conclusory analysis is hardly persuasive when nothing in the Board's initial decision describes the wet-laid paper of Novak as "fluffed"—the precise issue, in fact the only issue, appealed by Leithem.

On appeal to this court, the Office continued to argue that Novak discloses fluff pulp. In doing so, the Office relied upon additional facts not articulated in the examiner's rejection. For example, the Office argued that Novak teaches pulp which may be fluffed using a "beater engine of Holland type" and that "[t]he process of beating the pulp equates to fluffing." Appellee Br. 13. Leithem disagrees with the Office's assertion that the beating of pulp in a Holland beater is equivalent to the shredding of dry paper in a hammermill, as required by claim 104 and

disclosed in the '585 Application. Reply Br. 3-5 (under the section labeled "Disputed Facts in the Solicitor's Brief"). Moreover, according to the Office, the "swollen" pulp of Novak is already fluffed, and need not be "re-beaten" in a hammermill. Oral Argument at 17:40-17:50, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/2011-1030/all. The Office's position that Novak's pulp is "mechanically fluffed" because it is puffed or "swollen" is unsustainable and inconsistent with the Board's rejection. *Compare* Oral Argument at 17:40-17:50;18:25-18:30 ("Novak uses the word swollen rather than the word fluffed . . .") *and* Novak at col.1 ll.32-50 (describing process where wood pulp is soaked in caustic and the pulp "immediately swell[s]," which "may be called puffing," and is "due to the action of the caustic soda") *with Decision* at 8 (agreeing with Leithem that Novak's pulp is not fluff material but is instead "a pulp which may be fluffed"). Moreover, the examiner never suggested that the swollen fibers of Novak were, by nature of absorbing water, mechanically fluffed. *See, e.g.*, *Office Action*.

Additionally, at oral argument, the Office relied on the teachings contained within U.S. Patent No. 6,063,982 ("Martin") as further evidence that "reconfirms" how one of skill in the art would have understood Novak to have disclosed fluff pulp. Oral Argument at 13:50-15:08;17:50-18:15. While the Office assured this court that Martin was in the record and is "a piece of prior art," *id.* at 16:29, Martin was not relied upon in the instant rejection. The Office's reliance upon additional facts and grounds, some of which were raised for the first time to this court at oral argument, rings hollow when the entire basis for this appeal is whether Leithem was afforded the opportunity to respond to the Board's new ground of rejection.

Finally, at oral argument the Office said that Leithem was making "a shift in argument" and not presenting the same argument as the one presented to the Board. *Id.* at

17:10-17:35; 18:20-18:35.   This begs the question and highlights the problem when the Board relies on a new ground of rejection.  Leithem's argument to the Board was in response to the grounds relied upon by the examiner, namely, that Novak disclosed a fluff pulp.  When the Board affirmed the rejection on the basis that Novak taught a pulp that was not fluffed, but that could be fluffed, of course Leithem's argument had to shift—the thrust of the Board's rejection had shifted.  The Board cannot play it so fast and loose in affirming an examiner's rejection that it disregards procedural safeguards afforded to the applicant.

Accordingly, while we express no opinion on the propriety of the Board's rejection of claim 104, the case must be remanded to the Board to allow appellants a full opportunity to respond to the new rejection in the first instance.  The Board's decision to the contrary was "not in accordance with law," 5 U.S.C. § 706, and is hereby vacated.

### III. CONCLUSION

For the foregoing reasons, this court vacates the Board's rejections of claim 104 and remands for appropriate further proceedings.

**VACATED AND REMANDED**