WALLACH, Circuit Judge,
dissenting-in-part.
The instant appeal concerns whether certain claims of U.S. Patent No. 7,534,366 (“the ’366 patent”) would have been obvious over various prior art references. In consolidated inter partes reexaminations, an examiner with the U.S. Patent and Trademark Office (“PTO”) concluded that the claims are invalid as obvious, basing its decision on twenty-eight different grounds of rejection. See J.A. 2548-78. The PTO’s Patent Trial and Appeal Board (“PTAB”) affirmed the Examiner’s conclusions in full. See generally Mexichem Amaneo Holding S.A. De C.V. v. Honeywell Int’l Inc., No. 2015-006430, 2016 WL 1254603 (P.T.A.B. Mar. 29, 2016).
I agree with the majority’s decision to vacate and remand the consolidated reexaminations to the PTAB, except for the discussion pertaining to a purported new ground of rejection issued by the PTAB. I respectfully disagree with the majority’s conclusion that the PTAB “relied on a new ground of rejection! ] when it raised [Japanese Patent Application No. H05-85970 (‘Omure’) (J.A. 7956-60) ] as a basis for dismissing Honeywell’s evidence of unexpected results” in its analysis of secondary considerations. Maj. Op. 1356-57. the facts of this case, I conclude that the PTAB did not issue a new ground of rejection. The analysis below focuses solely on that point of disagreement with the majority.
A. Standard of Review and Legal Standard for New Ground of Rejection
“Whether the [PTAB] relied on a new ground of rejection is a legal question that we review de novo.” In re Stepan Co., 660 F.3d 1341, 1343 (Fed. Cir. 2011). ‘When considering whether the [PTAB] issued a new ground of rejection, the ultimate criterion of whether a rejection is considered new in a decision by the [PTAB] is whether applicants have had fair opportunity to react to the thrust of the rejection.” In re Biedermann, 733 F.3d 329, 337 (Fed. Cir. 2013) (internal quotation marks and citation omitted). The PTAB is not limited to “recitfing] and agreeing] with the examiner’s rejection in haec verba”-, indeed, it may “further explain[ ] the examiner’s rejection” and thoroughly “respond! ] to an applicant’s argument.” Id. (internal quotation marks and citations omitted). However, if the PTAB “finds facts not found by the examiner regarding the differences between the prior art and the claimed invention, and these facts are the principal evidence upon which the [PTAB] ’s rejection was based,” then the PTAB improperly enters a new ground of rejection. In re Leithem, 661 F.3d 1316, 1320 (Fed. Cir. 2011) (citation omitted).
B. The PTAB Did Not Issue a New Ground of Rejection
The majority holds that the PTAB’s analysis of claims 1, 3, 5-6, 8,11-16, 18-20, 23-25, and 31-33 of the ’366 patent (“subject claims”) “was different from that of the Examiner” because “[d]uring its analy *1360 sis of Honeywell’s evidence of secondary considerations, the [PTAB] expressly stated that it disagreed with the Examiner’s treatment of that evidence.” Maj. Op. 1358 (internal quotation marks, brackets, and citation omitted).[1] Specifically, the majority believes that the PTAB “rejected the Examiner’s conclusions regarding the evidence of unexpected results and instead relied on Omure to find the evidence unpersuasive.” Id. I do not agree with this assessment of the record.
Having concluded that the record supported the Examiner’s determination that a prima facie case of obviousness exists as to the subject claims, Mexichem, 2016 WL 1254603, at *5-11, the PTAB next considered Honeywell’s evidence relating to secondary considerations of non-obviousness, including whether a nexus exists between what was claimed in the ’366 patent and the evidence of secondary considerations submitted, see id. at *11-15; see also Apple Inc. v. Samsung Elecs. Co., 839 F.3d 1034, 1052-53 (Fed. Cir. 2016) (en banc) (“[E]vi-dence of secondary considerations ... is to be considered as part of all the evidence, not just when the decisionmaker remains in doubt after reviewing the art.” (citation omitted)). The PTAB’s affirmative analysis of whether the requisite nexus exists here does not mention Omure. See Mexichem, 2016 WL 1254603, at *5-13, an approach that tracks the Examiner’s, see J.A. 2548-605. Therefore, the PTAB’s analysis of secondary considerations does not include an improper new ground of rejection.'
Although the PTAB discussed Omure in other portions of its secondary considerations analysis in rejecting Honeywell’s arguments, that • discussion does not alone necessitate a different conclusion because the PTAB’s analysis of Omure was not “the principal evidence upon which the [PTAB] ’s rejection was based.” Leithem, 661 F.3d at 1320 (citation omitted). The PTAB’s discussion of Omure was limited to consideration of Honeywell’s argument that the claimed combination of a known refrigerant, 2,3,3,3-tetrafluoropropene (also known as “1,1,1,2-tetrafluoropropene” or “HFO-1234yf’), with a known poly alky-lene glycol (“PAG”) lubricant exhibited an unexpected superior stability. See Mexichem, 2016 WL 1254603, at *13-15. The PTAB disagreed with Honeywell, basing its conclusion in part on statements in Omure. See id. The PTAB’s discussion of Omure reflects the reality that the PTAB addresses arguments presented by adverse parties, and we have permitted the PTAB to thoroughly respond to such arguments in its decisions without the fear of entering an improper new ground of rejection. See Biedermann, 733 F.3d at 337. Here, the PTAB discussed Omure merely to explain why Honeywell’s evidence of secondary considerations did not overcome the Examiner’s determination of a prima facie case of obviousness. See Mexichem, 2016 WL 1254603, at *13-15. That discussion provided a more thorough explanation of the Examiner’s conclusion regarding the stability data. See id. at *11-15; see also J.A. 2580-85 (Examiner’s Right of Appeal Notice). Under such circumstances, the PTAB does not enter an improper new ground of rejection. See In re Noznick, 391 F.2d 946, 947-48 (CCPA 1968) (“It does not constitute a new ground of rejection to point out to an appellant why his arguments are not persuasive of error in the [ejxaminer’s rejection, nor does it constitute an implied invitation to present belated showings to supply the deficiencies.”); see also In re Jung, 637 F.3d 1356, 1365 (Fed. Cir. 2011) (“To assert that the [PTAB’s] thoroughness in responding to *1361 [the examiner’s] explanation put it in the position of a ‘super-examiner’ would limit the [PTAB] to verbatim repetition of the examiner’s office actions, which would ill-serve the [PTAB] ’s purpose as a reviewing body.”). For these reasons, I respectfully dis-sent-in-part.

. While the majority opinion does not mention the specific subset of claims, the enumerated "subject claims” are those claims the PTAB analyzed specifically with respect to Omure. See Mexichem, 2016 WL 1254603, at *5-15.