NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE:  JOSEPH MICHAEL CONRAD, III, KURT GANS BRISCOE,
*Appellants*

---

2018-1659

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/554,193.

---

Decided:  March 22, 2019

---

MATTHEW JAMES DOWD, Dowd Scheffel PLLC, Washington, DC, argued for appellants.  Also represented by ROBERT JAMES SCHEFFEL; KURT GANS BRISCOE, Norris, McLaughlin & Marcus, PA, New York, NY.

JOSEPH GERARD PICCOLO, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu.  Also represented by THOMAS W. KRAUSE, BENJAMIN T. HICKMAN, JOSEPH MATAL, PETER JOHN SAWERT.

---

Before MOORE, O'MALLEY, and CHEN, *Circuit Judges.*

Opinion for the court filed by MOORE, *Circuit Judge.*

O'MALLEY, *Circuit Judge*, concurs in the result.

MOORE, *Circuit Judge*.

Appellants Joseph Michael Conrad III and Kurt G. Brisco (collectively, "Conrad") appeal from a decision of the Patent Trial and Appeal Board affirming the examiner's rejection of claims 1–13 of U.S. Patent Application No. 13/554,193 (the "'193 application"). For the reasons discussed below, we affirm.

BACKGROUND

Conrad is the named inventor of the '193 application. The '193 application is directed to a urine-deflecting device with a plurality of attachment tabs that attach the device to the underside of a toilet seat, and a bendable urine-deflector that blocks the opening between the toilet seat and the toilet bowl. Figure 7 shows a cross-sectional side-view of the urine-deflector attached to the underside of a toilet seat.



Fig. 7

The '193 application includes thirteen pending claims. The only independent claim, claim 1 is representative:

1. A potty training device comprising:

a bendable urine-deflector;

a plurality of attachment tabs, wherein said plurality of attachment tabs are in contact with the top of said bendable urine-deflector and are permanently positioned substantially at right angles to the bendable urine-deflector; and

a means for attaching said potty training device to the underside of a toilet seat;

wherein the device lacks a folding seam between said bendable urine-deflector and said plurality of attachment tabs; and wherein said bendable urine-deflector can be positioned in a curved configuration and attached in said configuration via said means for attaching to the underside of said toilet seat to block an opening formed between the toilet seat and a toilet bowl to which said toilet seat is attached, and a surface of said bendable urine-deflector serves as a urine-deflecting surface to deflect a urine stream directed towards said opening into the toilet bowl.

The examiner rejected the pending claims for obviousness over U.S. Pub. No. 2007/0151009 (the "'009 publication") and U.S. Pub. No. 2007/0056086 ("Raviendran"). Conrad was also the named inventor of the '009 publication, filed before the instant '193 application. The '009 publication, filed by Conrad in 2007, discloses a nearly identical urine-deflecting device to the one in the '193 application. The examiner found that the '009 publication discloses a bendable urine-deflector satisfying all limitations of the pending claims except that the urine-deflector in the '009 publication did not have attachment tabs that are permanently positioned substantially at right angles and did not have a folding seam. The examiner found that

Raviendran discloses a urine-deflector that is integrally formed at a right angle with no folding seam. The examiner rejected all the claims of the '193 application as obvious over the '009 publication in view of Raviendran because a person of ordinary skill in the art would have combined the urine-deflector of the '009 publication with the seamless structure in Raviendran to "improve the structur[al] integrity and strength of the connection between the urine deflector and attachment tabs." J.A. 92.

Conrad appealed to the Board, arguing that the '193 application solved an unknown problem. He argued the urine-deflector of the '009 publication included a folding seam, which created a shelf when installed where urine collected, creating a bad smell. He argued that the urine-collection problem was unknown until he identified and solved it by designing a urine-deflector that has no folding seam. Without addressing the examiner's structural motivation to combine, Conrad argued that the Board should reverse the examiner's rejections because the examiner did not consider the unknown urine-collection problem.

The Board affirmed the examiner's rejection. Conrad appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual determinations for substantial evidence and its legal determinations de novo. *In re Van Os*, 844 F.3d 1359, 1360 (Fed. Cir. 2017) (citing *Belden Inc. v. Berk–Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015)). Obviousness is a question of law based on subsidiary fact findings. *Id.*

Conrad's primary argument on appeal is a legal argument related to the test for obviousness. He argues that despite having found a motivation to combine the '009 publication and Raviendran, the Board erred as a matter of law in not considering all possible motivations to combine. The

'193 application describes a discovery of an unknown problem associated with the folding seam in the urine-deflector disclosed in the '009 publication. The folding seam created a shelf that collected urine, which over time became malodorous. Accordingly, the '193 application aimed to solve that problem by removing the folding seam. Conrad argues *Eibel Process Co. v. Minnesota & Ontario Paper Co.*, 261 U.S. 45 (1923), and *In re Sponnoble*, 405 F.2d 578 (CCPA 1969), require the Board to consider an inventor's alleged recognition (and solution) of an unknown problem in its determination of obviousness even if there is an alternate motivation to combine prior art references that is not in any way factually undermined by the inventor's being the first to recognize or solve an additional problem with the prior art.[1]

At oral argument, the government at times appeared to agree with Conrad's legal contention. Oral Arg. at 19:24–30 (". . . we agree with his legal propositions that such evidence should be considered . . ."); *see also* Oral Arg. at 23:07–31 (Judge: ". . . [does the law] require the Board to consider both, the articulation of a problem and consider

---

[1]    At oral argument, Conrad argued that evidence of the unknown urine-collection problem was countervailing evidence to the structural motivation to combine the '009 publication and Raviendran set forth by the examiner. Oral Arg. at 12:42–45. It was not. Conrad's motivation to create a seamless urine-deflector to solve the urine-collection problem does not contradict the examiner's proposed structural motivation to combine references to achieve the same urine-deflector design; it is therefore not countervailing evidence. Conrad also argued that the examiner's structural motivation to combine was insufficient, but he did not raise that argument in front of the Board. Oral Arg. at 2:10–25, 9:38–10:20. His failure to do so waived his ability to raise it on appeal.

that as negative evidence of a motivation to combine along-side the articulation of the solution to a separate problem, which would be positive evidence, and they have to some-how weigh those two against each other? A: Yes, your honor. . ."); Oral Arg. 19:57–20:06 ("what the Board and ex-aminer did was spot on because it considered both the prior art and his little evidence of a problem"); Oral Arg. at 27:57–28:19 ("[a]ssuming it wasn't considered by the Board, then it was harmless error because of the strong prima facie case").  Elsewhere at oral argument, the gov-ernment seemed to recognize that the Board had no legal obligation to consider the additional, independent problem recognition, stating that "you don't need the same reason to combine a reference," *id.*, and that, by considering the urine-collection problem "the Board did extra."  Oral Arg. 21:48–50, *see also* 22:02–06 (". . .the Board took the extra step to shore up the case totally. . .").

If we agreed that the law of obviousness required that the inventor's particular motivation be considered irrespec-tive of other independent, sufficient motivations a skilled artisan would have to make the claimed combination, then a remand would be warranted in this case.  The Supreme Court and this court, however, have repeatedly held that the motivation that a person of ordinary skill in the art would have had to combine prior art references need not be the same motivation that inspired the patent owner.  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420 (2007) ("[A]ny need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a rea-son for combining the elements in the manner claimed."); *In re Kahn*, 441 F.3d 977, 989 (Fed. Cir. 2006) ("[T]he skilled artisan need not be motivated to combine [a prior art reference] for the same reason contemplated by the [in-ventor]"); *In re Beattie*, 974 F.2d 1309, 1312 (Fed. Cir. 1992) ("As long as some motivation or suggestion to combine the references is provided by the prior art taken as a whole, the law does not required that the references be combined for

the reasons contemplated by the inventor."); *In re Kronig*, 539 F.2d 1300, 1304 (CCPA 1976). "[T]he problem motivating the patentee may be only one of many addressed by the patent's subject matter." *KSR*, 550 U.S. at 420.

Here, the examiner determined that a person of ordinary skill in the art would have combined the '009 publication with the seamless configuration of Raviendran to improve the structural integrity and strength of connection between the urine-deflector and the attachment tabs. The Board affirmed the examiner's determination and found that the urine-deflector resulting from the combination of the '009 publication and Raviendran would solve the urine-collection problem even though the separate motivation to combine the references was structural. Given that Conrad never challenged the structural-based motivation to combine the '009 publication with Raviendran below, the Board did not err. If there is one clear, unchallenged motivation to combine as in this case, the Board need not separately consider the inventor's particular motivation. We find no legal error in the Board's decision to rely on a motivation to combine other than the one which solved the problem identified by Conrad.

*Eibel Process* and *Sponnoble* both stand for the proposition that the discovery of an unknown problem can result in a patentable invention, even if the solution would have been obvious once the problem is identified. *Eibel Process*, 261 U.S. at 67–68; *Sponnoble*, 405 F.3d at 585. They did not address whether the Board must consider the discovery of an unknown problem when there exists an independent motivation to combine prior art references. Instead, those cases found that the inventor's discovery of and solution to an unknown problem weighed in favor of non-obviousness because the proffered reason to modify the prior art did not present a specific, alternate basis that was unrelated to the rationale behind the inventor's reasons for making the invention. Here, the examiner and the Board determined that a person of ordinary skill in the art would combine the

'009 publication with Raviendran for a reason independent from solving the problem identified by Conrad—to improve structural integrity by removing the folding seam. And this motivation to combine was not challenged by the patentee before the Board.

## CONCLUSION

For the foregoing reasons, we affirm the Board's determination that claims 1–13 of the '193 application are unpatentable.

## **AFFIRMED**

## COSTS

No Costs.