# United States Court of Appeals for the Federal Circuit

---

(Reexamination Nos. 90/006,824 and 90/007,619)

**IN RE STEPAN COMPANY**

---

2010-1261

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: October 5, 2011

---

THOMAS J. WIMBISCUS, McAndrews, Held & Malloy, Ltd. of Chicago, Illinois, argued for appellant. With him on the brief were GEORGE WHEELER, and DENNIS H. JASKOVIAK, JR.

MARY L. KELLY, Associate Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for appellee. With her on the brief were, RAYMOND T. CHEN, Solicitor, and JANET A. GONGOLA, Associate Solicitor.

---

Before DYK, FRIEDMAN,[*] and PROST, *Circuit Judges*.

---

[*] Circuit Judge Friedman heard oral argument in this appeal and participated in the consideration of the

PROST, *Circuit Judge.*

The principal issue here is whether the Board of Patent Appeals and Interferences ("Board"), in affirming an examiner's ruling on reexamination that a patent was invalid as obvious, relied on a new ground of rejection, i.e., a rejection that the examiner had not explicitly made. If the Board did so, the appellant was entitled either to pursue the reexamination proceeding further before the examiner, or to seek reconsideration from the Board. We hold that the Board relied on a new ground of rejection and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The appellant Stepan Company ("Stepan") is the assignee of U.S. Patent No. 6,359,022 ("'022 patent"). The patent covers polyol-based resin blends and the methods of using them to create closed-cell polyurethane and polyisocyanurate-based foam. Such foams are used, for example, to make thermal insulation boards for the walls of homes and buildings.

On reexamination, the examiner ruled that all the claims of the '022 patent were invalid as anticipated under 35 U.S.C. § 102(b) or, in the alternative, obvious under 35 U.S.C. § 103(a). On appeal, the Board affirmed the examiner's obviousness rejection. In so ruling, the Board relied upon the identical prior art references that the examiner had cited. Both entities held that most of the claims in the '022 patent were obvious in light of the "Singh" reference, WO 97/21764 ("Singh"), and the remaining claims were obvious under Singh in combination with various other references. The difference between the

case, but died on July 6, 2011, and did not participate in the final decision.

two rejections, however, was that the examiner found the '022 patent obvious in light of Singh as § 102(b) prior art, which includes publications or inventions patented "more than one year prior to the date of the application" of the patent in question, while the Board treated Singh as prior art under § 102(a), which includes publications or inventions patented "before the invention thereof by the applicant."

In relying on Singh as § 102(a) prior art to support the obviousness rejection, the Board determined that Stepan's Rule 1.131 Declaration ("Declaration") was "ineffective to remove Singh as a reference qualifying under 35 U.S.C. § 102(a)" against claims 33–51, 53, and 54. J.A. 15–16. It identified three reasons why the Declaration failed to remove Singh as § 102(a) prior art: (1) it failed to show that "the water content of the catalyst supplied and used prior to March 24, 1997 was unchanged through 2003"; (2) it "failed to address water that might have been present in other reactive components of the claimed resin blend or water that might have been generated by the reaction forming the polyol"; and (3) it appeared "inconsistent with the description of added water vis-à-vis the Dabco K-15 catalyst in the 022 patent." J.A. 15. Notably, the examiner never raised the question whether Singh was § 102(a) prior art, never addressed that argument, never expressed any concerns as to any alleged deficiencies with the Declaration, and never issued a rejection using Singh as § 102(a) prior art.

Stepan timely appealed the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## II. LEGAL STANDARD

Whether the Board relied on a new ground of rejection is a legal question that we review de novo. *See In re Pacer Tech.*, 338 F.3d 1348, 1349 (Fed. Cir. 2003).

In a series of opinions, both this court and our predecessor court, the United States Court of Customs & Patent Appeals ("Patent Court"), have recognized that if the appellant has not had a full and fair opportunity to litigate the Board's actual basis of rejection, the administrative validity proceedings before the United States Patent and Trademark Office ("PTO") should be allowed to continue. *See In re Kumar*, 418 F.3d 1361, 1367–68 (Fed. Cir. 2005) (citing numerous Patent Court cases). As this court explained, "the agency must assure that an applicant's petition is fully and fairly treated at the administrative level." *Id.* at 1367.

The rationale of those decisions is that unless the appellant was able to address the merits of the various bases of the Board's decision, the administrative proceedings before the PTO should be allowed to continue. As the governing regulation states, "[s]hould the Board have knowledge of any grounds not involved in the appeal for rejecting any pending claim, it may . . . [issue] a new ground of rejection." 37 C.F.R. § 41.50(b). Because the Board is limited to review of the examiner's decisions during prosecution, the authority to issue a new ground of rejection, and the rights of the applicant that flow therefrom, ensure that the Board can fulfill its notice obligation to the applicant during prosecution. 35 U.S.C. § 6(b) ("The Board of Patent Appeals and Interferences shall, on written appeal of an applicant, review *adverse decisions of examiners* upon applications for patents . . . ." (emphasis added)); *see also* 5 U.S.C. § 554(b)(3) ("Persons entitled to

notice of an agency hearing shall be timely informed of the matters of fact and law asserted.").

### III. DISCUSSION

On appeal, Stepan argues that the Board sustained the examiner's obviousness rejection under a wholly different basis than that relied upon by the examiner, which constitutes a new ground of rejection. It contends that the Board's determination that Singh is § 102(a) prior art against claim 33 and its dependents and that its Declaration is deficient in various respects constitutes a new ground of rejection. Stepan asserts that the examiner never raised the question of the sufficiency of the Declaration and that Stepan accordingly had no opportunity to respond to the alleged deficiencies in its Declaration that were identified by the Board for the first time in its opinion. Thus, the Board's failure to identify the new rejection and new rationale as a new ground of rejection, Stepan contends, violates its administrative due process rights.

The PTO responds that the Board's decision is not a new ground of rejection because the thrust of the rejection was the same, i.e., obviousness. It argues that Stepan had a fair opportunity to be heard because it did in fact present argument and evidence, which was considered by the Board, to antedate Singh as a § 102(a) reference. Alternatively, it argues that to the extent the obviousness rejection based on Singh as § 102(a) prior art may be viewed as "new," Stepan was required—by regulation—to seek rehearing to request that the Board designate the § 102(a) rejection as a new ground. *See* 37 C.F.R. § 41.50(b)(2). Because Stepan failed to request a rehearing, the PTO asserts that Stepan cannot now allege that it was deprived of its administrative due process rights.

Stepan is correct. By making and relying on new fact findings regarding an issue the examiner did not raise, i.e., the sufficiency of Stepan's Declaration to swear behind the Singh reference as § 102(a) prior art, the Board relied on a new ground of rejection. *Kumar*, 418 F.3d at 1367–68 (finding that a new ground of rejection exists when the Board relies on new fact findings which had not been previously advanced by the examiner about an existing prior art reference); *see also In re Kronig*, 539 F.2d 1300, 1302–03 (CCPA 1976) (noting there was no new ground of rejection when the Board used the same basis *and the same reasoning* advanced by the examiner). It is crucial that the examiner issue a rejection (even if that rejection is subsequently withdrawn) so the applicant is on notice that it is obligated to respond. Mere reliance by the Board on the same type of rejection or the same prior art references relied upon by the examiner, alone, is insufficient to avoid a new ground of rejection where it propounds new facts and rationales to advance a rejection—none of which were previously raised by the examiner. 35 U.S.C. § 6(b); *Kumar*, 418 F.3d at 1367–68. Here, the mere fortuity that Stepan addressed the validity of the Declaration on its own, without the issue being raised by the examiner, does not permit the Board to reject the Declaration as ineffective without designating its decision as a new ground of rejection.

The PTO's alternative rationale is that Stepan waived its administrative due process rights by failing to exhaust all administrative remedies—namely—by failing request a rehearing.[1] The PTO reasons that 37 C.F.R. § 41.50(b)

---

[1] We note that at oral argument, the PTO's counsel represented that Stepan was not required to seek rehearing to request that the Board designate the § 102(a) rejection as a new ground. Oral Argument at 28:01–28:16, *available at* http://www.cafc.uscourts.gov/oral-

does not obligate the Board to expressly designate a rejection as a new ground because the regulation uses the word "may." Oral Argument at 21:15–22:30; *see also* 37 C.F.R. § 41.50(b) ("Should the Board have knowledge of any grounds not involved in the appeal for rejecting any pending claim, it *may* include in its opinion a statement to that effect . . . , which statement constitutes a new ground of rejection of the claim." (emphasis added)). Implicit in this argument is that the Board's burden to designate a new ground of rejection as a new ground is discretionary. Thus, it argues that an applicant must request rehearing pursuant to § 41.50(b)(2) if the applicant believes the Board has relied on a new ground but has failed to designate that ground as such.

We disagree for two reasons. First, the PTO's regulatory interpretation is due no deference in view of the agency's statutory obligation under the Administrative Procedure Act ("APA") to provide prior notice to the applicant of all "matters of fact and law asserted" prior to an appeal hearing before the Board. 5 U.S.C. § 554(b)(3). Allowing the Board unfettered discretion to designate a new ground of rejection—when it relies upon facts or legal argument not advanced by the examiner—would frustrate

argument-recordings/all/stepan.htm ("Had he thought that there was [a new ground of rejection] but not expressly stated [by the Board], he could have requested rehearing. We're not saying that that is a requirement. We acknowledge in our brief to this court that it is not a requirement that one request rehearing."). PTO counsel's position during oral argument, however, is contradicted by its brief. Appellee's Br. 24 ("If, however, the Board does not designate the rejection as a new ground of rejection—as Stepan argues the Board did—the correct action is to request rehearing by the Board to have the rejection designated as such. 37 C.F.R. § 41.50(b)(2).").

the notice requirements of the APA. *See Dickinson v. Zurko*, 527 U.S. 150, 154 (1999) (stating that the PTO is an agency subject to the APA).

Second, the PTO's argument that Stepan was obligated to request rehearing under § 41.50(b)(2) is contradicted by the plain text of the regulation, which states, *"[w]hen the Board makes a new ground of rejection*, the appellant, within two months from the date of the decision, must exercise one of the following two options . . . ." 37 C.F.R. § 41.50(b) (emphasis added). The first option is to reopen prosecution. *Id.* § 41.50(b)(1). The second option is to request rehearing. *Id.* § 41.50(b)(2). The appellant's obligation to pursue either of these two options, however, triggers only *after* "the Board makes a new ground of rejection." *Id.* Here, the Board did not designate the new §§ 102(a)/103(a) rejection as a new ground of rejection.[2] Thus, Stepan had no affirmative obligation to request a rehearing to ask that the Board designate its rejection as a new ground. Indeed, the PTO's alternative argument is rebutted by the plain text of its own regulation.[3]

---

[2]    Section 41.50(b)(2) indicates that "[a] new ground of rejection pursuant to this paragraph shall not be considered final for judicial review." This suggests that when the Board does not indicate a new ground of rejection, as it did here, the Board's decision is considered final for judicial review. Because the Board did not designate its rejection as a new ground, the Board's decision was final for the purpose of judicial review and Stepan complied with its administrative process obligations pursuant to agency regulation.

[3]    Counsel for PTO admitted at oral argument that § 41.50 is vague as to the applicant's burden to request rehearing when the applicant believes that the Board has relied on a new ground of rejection without designating it

## IV. CONCLUSION

Notice does not focus on the applicant's arguments divorced from the examiner's rejections of record that are actually appealed to the Board. Instead, it focuses on the "adverse decisions of examiners" during prosecution which form the basis of the Board's scope of review. 35 U.S.C. § 6(b). Because Stepan did not have prior notice of the Board's intent to craft and rely on new findings of fact to support a §§ 102(a)/103(a) rejection and because it failed to identify this rejection as a new ground, Stepan's notice rights were violated. 5 U.S.C. § 554(b)(3); 35 U.S.C. § 6(b). Had the Board labeled its rejection as a new ground of rejection, Stepan could have reopened prosecution to address the newly-alleged deficiencies in its Declaration with the examiner. We vacate the Board's decision and remand with instructions to designate its rejection as a new ground of rejection.[4] Accordingly, Stepan is free to further pursue its patent application according to the requirements of 37 C.F.R. § 41.50(b).

**VACATED AND REMANDED**

---

as such. Oral Argument at 26:00–26:23 ("We do admit, however, that the regulation could be more clear about what happens when the Board doesn't expressly state that something is a new ground of rejection.").

[4] Because we remand to the Board, we express no opinion regarding the parties' arguments as to whether Stepan's showing of commercial success lacks a nexus with the claimed invention. Nor do we express an opinion regarding the sufficiency of Stepan's Declaration in antedating Singh as § 102(a) prior art.