NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

—————————

**IN RE:  LAWRENCE EVERATT ANDERSON,**
*Appellant*

—————————

2016-1156, 2016-1157

—————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 13/189,505 and 13/214,202.

—————————

Decided:  October 13, 2016

—————————

LAWRENCE EVERATT ANDERSON, Falls Church, VA, pro se.

THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Michelle K. Lee.  Also represented by SARAH E. CRAVEN, BENJAMIN T. HICKMAN.

—————————

Before NEWMAN, LOURIE, and DYK, *Circuit Judges*.

PER CURIAM.

In these consolidated appeals, Lawrence E. Anderson ("Anderson"), a patent attorney proceeding *pro se*, appeals from two decisions of the United States Patent and

Trademark Office ("PTO") Patent Trial and Appeal Board ("the Board"), in which the Board affirmed the Examiner's rejections of all pending claims of U.S. Patent Applications 13/214,202 ("the '202 application") and 13/189,505 ("the '505 application") as unpatentable under 35 U.S.C. § 102(b) or § 103(a) (2006).[1]  *See Ex Parte Anderson*, No. 2013-006406, Application No. 13/214,202, 2015 WL 5469585 (P.T.A.B. Sept. 14, 2015) ("*'202 Decision*") (relating to Appeal No. 2016-1156); *Ex Parte Anderson*, No. 2013-003878, Application No. 13/189,505, 2015 WL 4607919 (P.T.A.B. July 30, 2015) ("*'505 Decision*") (relating to Appeal No. 2016-1157).  Because the Board did not err in finding the claims of the '202 and '505 applications unpatentable over the cited prior art, we *affirm*.

## BACKGROUND

Anderson is the sole inventor and applicant of the '202 application, entitled "Solar or Wind Powered Traffic Monitoring Device and Method," and the '505 application, entitled "Traffic Monitoring Device and Method," both directed to a system and method for monitoring the flow of vehicular traffic.  The applications were filed in July and August of 2011.  The '202 application is a continuation-in-part of the '505 application.

### I.   The '202 Application

The '202 application has twenty claims, with claims 1, 10, and 19 being the independent claims.  Claim 1 reads as follows:

> 1.  A system for monitoring the flow of vehicular traffic comprising:

---

[1]    Because the '202 and '505 applications were filed before the enactment of the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), we apply the pre-AIA version of 35 U.S.C. §§ 102 and 103.

at least two photodetectors that *detect the speed* of a vehicle fixedly positioned along a predetermined roadway by measuring the time that the vehicle takes to pass between the at least two photodetectors; the at least two photodetectors being powered by one of solar or wind power;

at least one transmitter for transmitting the data relating to the passage of a vehicle at a predetermined point on a roadway; the transmitter being powered by solar or wind power; and

a second receiver for receiving the transmitted data relating to the speed of a vehicle along a predetermined roadway; the second receiver being operatively connected to a display for *displaying traffic speeds* at points along a roadway located above the predetermined roadway, the speed being displayed on the display *for use by a motorist in determining a route of travel*[.]

Appellant's Appendix ("App.") 94 (emphases added).

In a final Office Action, the Examiner rejected all claims of the '202 application under § 103(a) as obvious over U.S. Patent Application Publication 2007/0208506 ("Macneille") in view of U.S. Patent 6,750,787 ("Hutchinson"). The Examiner found that Macneille discloses a system for detecting the *passage* of vehicles and displaying information on *traffic flows* at points along a roadway and teaches most of the limitations of independent claims 1, 10, and 19, but that it does not "disclose detecting the *speed* of the vehicle by *measuring the time that the vehicle takes to pass between the at least two photodetectors*, and displaying traffic *speeds* at points along a roadway *located above/near the predetermined roadway*." *Id.* at 50–51. The Examiner found that

Hutchinson teaches those limitations that are missing from Macneille, namely, detecting and displaying the *speed* of individual vehicles. *Id.* at 51. She reasoned that it would have been obvious to modify Macneille in view of Hutchinson "in order to maximize route efficiency by providing precise traffic speed, with predictable results." *Id.* at 52. She also found that Macneille in view of Hutchinson teaches the additional limitations of the dependent claims. *Id.* at 52–54. In particular, she found that Macneille teaches detecting traffic flow to provide motorists with optimal travel routes. *Id.* at 52–53, 54 (citing Macneille at ¶¶ 17–19, 23–30).

Anderson appealed to the Board, the Examiner responded with an answer, and Anderson filed a reply. In September 2015, the Board affirmed the Examiner's obviousness rejection of all claims over Macneille in view of Hutchinson. *'202 Decision*, 2015 WL 5469585, at *2–6. In so doing, the Board "agree[d] with and adopt[ed] the . . . findings and rationale as set forth in the [Examiner's] Answer." *Id.* at *2. The Board then addressed Anderson's arguments as to each claim, *id.* at *2–6, and specifically rejected his argument that "[t]he display of Hutchinson is not for use by a motorist in determining a route of travel," *id.* at *3 (alteration in original). The Board agreed with the Examiner that the "for use by a motorist in determining a route of travel" claim language is "a statement of intended use" and thus does not limit the scope of the claims. *Id.*

## II. The '505 Application

The '505 application also has twenty claims, with claims 1, 10, and 19 being the independent claims. Claim 1 reads as follows:

    1. A system for monitoring the flow of vehicular traffic comprising:

> at least one first transmitter receiver that detects the *passage* of a vehicle along a roadway fixedly positioned at a predetermined point adjacent the roadway; and
>
> at least one fixedly positioned second transmitter for transmitting the data relating to the *passage* of a vehicle at a predetermined point on a roadway for use by motorists in determining a route of travel.

App. 258 (emphases added).

In a final Office Action, the Examiner rejected all claims of the '505 application under § 103(a) as obvious over Macneille in view of U.S. Patent Application Publication 2011/0095908 ("Nadeem"). The Examiner found that "Macneille does not explicitly determine traffic *speed*," instead that it teaches determining "traffic flow type which corresponds to traffic speed." *Id.* at 226. She then found that "Nadeem discloses a system for monitoring the flow of vehicular traffic, including determining traffic *speed*." *Id.* (internal citations omitted). She reasoned that it would have been obvious to modify "Macneille to determine traffic *speed*, as suggested by Macneille and taught by Nadeem, in order to maximize route efficiency by providing precise traffic speed, with predictable results," and thus concluded that independent claims 1, 10, and 19 would have been obvious over Macneille in view of Nadeem. *Id.* at 225–26. The Examiner next found that Macneille in view of Nadeem renders the dependent claims obvious. *Id.* at 226–30.

Anderson appealed to the Board. The Examiner responded with an answer, in which she replaced the obviousness rejection of claims 1 and 19 with an anticipation rejection under § 102(b) in view of Macneille only, because those claims do not require the detection of traffic *speed* as taught by Nadeem. *Id.* at 264–65. The Examiner maintained that changing the statutory basis of the

rejection did not constitute a new ground of rejection, because she merely omitted the unnecessary reliance on Nadeem, and the § 102 rejection was based on the same teachings of Macneille used to support the § 103 rejection.

Anderson filed a petition to the Director under 37 C.F.R. § 1.181, requesting that the Examiner's anticipation rejection be designated as new. Before the Director issued a decision, Anderson filed a reply brief at the Board. The Director then dismissed Anderson's petition pursuant to 37 C.F.R. § 41.40(d), which provides that a reply brief filed after the filing of a petition under § 1.181, but before a decision on that petition, "will be treated as a request to withdraw the petition and to maintain the appeal." App. 360–61 (quoting § 41.40(d)). On Anderson's petition for reconsideration, the Director maintained the dismissal, *id.* at 366–67; and in September 2013, the Director denied Anderson's request for suspension of the rules, *id.* at 371–75.

In July 2015, the Board affirmed the Examiner's anticipation rejection of claims 1 and 19 on the merits,[2] as well as the obviousness rejection of claims 2–18 and 20 over Macneille in view of Nadeem. *'505 Decision*, 2015 WL 4607919, at *1–3. As in the *'202 Decision*, the Board "agree[d] with and adopt[ed] the . . . findings and rationale as set forth in the [Examiner's] Answer," *id.* at *1, and then specifically addressed Anderson's arguments as to each claim, *id.* at *1–3.

---

[2] In a footnote, the Board acknowledged the Director's September 2013 decision denying Anderson's request to suspend the rules and to designate the § 102 rejection as a new ground of rejection. *'505 Decision*, 2015 WL 4607919, at *1 n.1. The Board did not otherwise comment on the Director's decisions.

Anderson timely appealed from both decisions of the Board to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal determinations *de novo*, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). A finding is supported by substantial evidence if a reasonable mind might accept the evidence to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "Where two different conclusions may be warranted based on the evidence of record, the Board's decision to favor one conclusion over the other is the type of decision that must be sustained by this court as supported by substantial evidence." *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 970 (Fed. Cir. 2007).

Obviousness is a question of law based on underlying factual findings, *In re Baxter*, 678 F.3d 1357, 1361 (Fed. Cir. 2012), including what a reference teaches, *In re Beattie*, 974 F.2d 1309, 1311 (Fed. Cir. 1992), and the existence of a reason to combine references, *In re Hyon*, 679 F.3d 1363, 1365–66 (Fed. Cir. 2012). Whether the Board relied on a new ground of rejection is a question of law. *In re Stepan Co.*, 660 F.3d 1341, 1343 (Fed. Cir. 2011).

## I.　The '202 Application

Anderson argues that the Board erred in affirming the Examiner's rejection of claims 1–20 of the '202 application as obvious over Macneille in view of Hutchinson. Anderson challenges the Board's construction of the "for use" claim language in independent claims 1, 10, and 19

as a non-limiting statement of intended use.[3] Appellant's Br. 8–12, 15. Anderson also contends that the Board failed to show how one of ordinary skill would have combined Macneille and Hutchinson, that combining those references would defeat the purpose of Macneille, that Hutchinson does not teach or suggest displaying the detected vehicular speed for use by a motorist in selecting a route of travel, and that Hutchinson's speed detector does not work across multiple lanes. *Id.* at 9, 15, 17; Appellant's Reply Br. 5, 15.

Additionally, Anderson makes numerous assertions, most of which are conclusory, that the cited prior art does not teach or suggest various claim limitations, including: (1) "photodetectors . . . operatively associated with a light source that emits light in the solar blind region" and "light from outside of the solar blind region does not activate the . . . photodetectors" in claims 2, 16, and 20; (2) "photodetectors . . . operatively associated with a light source that emits a modulated light" and "light from the environment does not activate [the] photodetectors" in claim 6; (3) "the display is located . . . at a location before the . . . photodetectors" in claim 2; (4) "determine an average speed" in claim 7; (5) "sets of at least two photodetectors . . . spaced apart at predetermined intervals" so that a motorist may select a route of travel in claim 3; (6) "sets of at least two photodetectors . . . spaced apart at

---

[3]    Claim 10 recites "the speed being displayed on the at least one display *for use by motorists in determining whether or not to select passage along the roadway containing the at least one point as a way to navigate through the region.*" App. 97 (emphasis added). Claim 19 recites "at least one solar powered transmitter for transmitting the data relating to the speed of a vehicle at a predetermined point on a roadway *for use by motorists in determining a route of travel.*" *Id.* at 99 (emphasis added).

intervals exceeding five hundred feet" so that a motorist may select a route of travel in claim 12; and (7) "transmitter receivers spaced at intervals along a roadway for detecting the speed of a vehicle[] passing in the vicinity" in claim 11. Appellant's Br. 12–18; *see also* App. 94–99 (claims of the '202 application). With respect to claim 3, Anderson also argues that the Board erred in construing "so that motorists may exit the limited access highway based upon the information relayed" as a statement of intended use. Appellant's Br. 16. Lastly, with respect to claims 4 and 13, Anderson disputes the Examiner's finding that traffic congestion, as disclosed in Macneille, corresponds to average traffic speed; Anderson contends that Macneille fails to disclose the claim limitations of "determine average traffic speed" and "the GPS receiver determines the suggested route for navigation based upon the average traffic speeds at recorded points on a roadway." *Id.* at 18–20.

We conclude that the Board did not err in affirming the Examiner's rejection of claims 1–20 as obvious over Macneille in view of Hutchinson. In the Examiner's answer, she provided a detailed analysis as to each of the rejected claims, as well as the prior art teachings and her rationale on obviousness, and the Board adopted those findings and rationale as its own and also provided further analysis. *'202 Decision*, 2015 WL 5469585, at *2–6. On a careful review of the record, we conclude that substantial evidence supports the Board's findings that (1) Macneille teaches most of the limitations of claims 1–20 and discloses a traffic system for detecting and displaying traffic flow to provide optimal travel routes to motorists; (2) Hutchinson teaches those limitations that are missing from Macneille, namely, stationary devices that detect the *speed* of passing vehicles by measuring the time it takes a vehicle to pass between two photodetectors, and then displaying the speed at points along the roadway; and (3) one of ordinary skill in the art would have been moti-

vated to modify Macneille's system in view of Hutchinson to detect the precise traffic speed in order to provide more efficient travel routes to motorists.

We also agree with the Board that the "for use" claim language is a statement of intended use. The "for use" language does not add a structural limitation to the claimed system or method. Moreover, as the Examiner found, Macneille teaches the claimed use, namely, to provide motorists with optimal travel routes. App. 106–07. Accordingly, even assuming that the "for use" language were to be construed as limiting, the prior art indisputably teaches that limitation.

We are unpersuaded by Anderson's argument that the Board erred in adopting the Examiner's "intended use" construction because, according to Anderson, the Examiner raised the issue of intended use for the first time in her answer, which constituted a new ground of rejection. Anderson did not petition the Director to address that issue, *see* 37 C.F.R. §§ 1.181, 41.40, but instead chose to file a reply brief at the Board. Anderson had a full and fair opportunity to respond to the Examiner's analysis on the merits. *Stepan*, 660 F.3d at 1343–44. We therefore discern no reversible err in the Board's decision.[4]

Moreover, we are unpersuaded by Anderson's arguments that the cited prior art does not teach or suggest

---

[4]    As indicated *infra* in the companion case, we lack jurisdiction to review the decision of the Director on an applicant's petition under 37 C.F.R. § 1.181 to designate a new ground of rejection. Here, however, Anderson alleges that the *Board* erred in raising a new ground of rejection by agreeing with the Examiner on the "intended use" construction. We have jurisdiction to review whether the Board raised a new ground of rejection in its decision. *See* 28 U.S.C. § 1295(a)(4)(A); *Stepan*, 660 F.3d at 1343–44.

various claim limitations, Appellant's Br. 12–20. On a careful review of the record, we conclude that substantial evidence supports the Board's findings that the prior art teaches or suggests the disputed limitations. *Cf. Bayer*, 488 F.3d at 970.

We have considered Anderson's remaining arguments but find them to be without merit. Accordingly, because substantial evidence supports the Board's factual findings underlying its conclusion of obviousness, and because the Board did not otherwise err, we affirm its decision that claims 1–20 of the '202 application are unpatentable as obvious over Macneille in view of Hutchinson.

## II. The '505 Application

Anderson argues that the Board erred in affirming the Examiner's rejection of claims 2–18 and 20 of the '505 application as obvious over Macneille in view of Nadeem. Anderson contends that one of ordinary skill would not have combined Macneille and Nadeem. According to Anderson, Nadeem discloses determining the speed of its *mobile* traffic monitoring units, such as a fleet of cars, using a speedometer, and thus Nadeem does not teach or suggest determining the speed of *passing vehicles* as claimed. Appellant's Br. 21–22.

Moreover, as in the companion case, Anderson makes numerous assertions that Macneille and Nadeem do not teach or suggest various claim limitations, including: (1) "two first transmitter/receivers which detect the speed of a passing vehicle by measuring the time taken by the vehicle to pass between the two first transmitter/receivers, the vehicle being detected by the blockage of light beams transmitted by the two first transmitter/receivers" in claims 2 and 11; (2) "information . . . relayed to motorists navigating in the nearby region" in claims 3 and 12; (3) "at an exit preceding the point" in claim 3; (4) "determining traffic speed at . . . one point along a roadway using . . . one first transmitter receiver

fixedly positioned along a roadway" and "transmitting the traffic speed . . . for use by motorists in determining whether or not to select passage along the roadway containing the . . . one point as a way to navigate through the region" in claim 10; (5) "displaying traffic speeds" in claim 15; (6) "average speed" or "average traffic speed" in claims 16–18; and (7) "photodetectors . . . which determines the speed of the vehicle by determining the time the vehicle takes to travel the predetermined distance" in claim 20. *Id.* at 20–23, 25–29; *see also* App. 258–61 (claims of the '505 application). And with respect to claims 4 and 13, Anderson disputes the Examiner's finding that traffic congestion corresponds to average traffic speed; he contends that Macneille does not disclose the claim limitations of "determine average traffic speed" and "the GPS receiver determines the suggested route for navigation based upon the average traffic speeds at recorded points on a roadway." Appellant's Br. 24–25.

We conclude that the Board did not err in affirming the Examiner's rejection of claims 2–18 and 20 as obvious over Macneille in view of Nadeem. As the Board found, Nadeem teaches a traffic monitoring system that detects vehicle speed. *'505 Decision*, 2015 WL 4607919, at *2. As with the combination of Macneille and Hutchinson in the companion case, we conclude that substantial evidence supports the Board's finding that one of ordinary skill in the art would have modified Macneille's traffic system in view of Nadeem's teaching of detecting vehicle speed in order to provide more efficient travel routes to motorists. While it is true that Nadeem does describe a *mobile* traffic monitoring system, the Board and the Examiner did not err in also finding that Macneille teaches a stationary detector/transmitter of traffic flow information, and that Nadeem teaches the detection of vehicle speed using a stationary infrared TrafficEye. Those findings are supported by substantial evidence.

Moreover, as in the companion case, we are unpersuaded by Anderson's arguments that the cited prior art does not teach or suggest various claim limitations. Appellant's Br. 23–29. On a careful review of the record, we conclude that substantial evidence supports the Board's findings that the prior art teaches or suggests those disputed limitations, and thus that Anderson fails to demonstrate reversible error.

Lastly, although Anderson does not challenge the anticipation rejection of claims 1 and 19 on the merits, he argues that the PTO erred in not reopening prosecution after the Examiner changed the statutory basis of the rejection of those claims, which, according to Anderson, constitutes a new ground of rejection. *Id.* at 30–31. Anderson asks us to reverse the Director's September 2013 decision denying his request to suspend the rules and to designate a new ground of rejection. *Id.* at 31.

We conclude, however, that we lack jurisdiction to review the decision of the Director on a Rule 181 petition such as in this case. *In re Makari*, 708 F.2d 709, 711 (Fed. Cir. 1983) ("Our jurisdiction in relation to the Patent and Trademark Office is limited to review of decisions of boards established in that Office. We do not have jurisdiction to review decisions of the Commissioner on petitions."); *see also In re Conte*, 36 F. App'x 446, 449–50 (Fed. Cir. 2002) (citing 28 U.S.C. § 1295(a)(4)(A) and holding that we lack jurisdiction to consider an appeal from the Director's decision denying a Rule 181 petition); *In re Hornback*, 20 F. App'x 846, 846 (Fed. Cir. 2001) (stating that "[a]ny review of an adverse ruling of the Director would first lie, if anywhere, in a district court" under the Administrative Procedure Act). We therefore cannot consider Anderson's challenge of the Director's decision on his Rule 181 petition for lack of jurisdiction.

We have considered Anderson's remaining arguments but find them to be without merit. Accordingly, because

substantial evidence supports the Board's factual findings underlying its conclusion of obviousness of claims 2–18 and 20 over Macneille in view of Nadeem, and because the Board did not otherwise err, we affirm its decision that claims 2–18 and 20 of the '505 application are unpatentable over the cited prior art.

## CONCLUSION

For the foregoing reasons, we affirm the Board's conclusion that claims 1–20 of the '202 application and claims 2–18 and 20 of the '505 application are unpatentable as obvious over the cited prior art.

**AFFIRMED**