NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE: JOSEPH ERNEST LORKOVIC,
*Appellant*

---

2017-1678

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 11/384,662.

---

Decided: November 13, 2017

---

JOSEPH ERNEST LORKOVIC, San Diego, CA, pro se.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Joseph Matal. Also represented by BENJAMIN T. HICKMAN, THOMAS W. KRAUSE, JOSEPH GERARD PICCOLO.

---

Before LOURIE, REYNA, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Joseph Ernest Lorkovic appeals from a decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("Board") affirming the Examiner's rejection of claims 62–64, 67–69, 71–73, 75, and 77–86 of U.S. Patent Application 11/384,662 ("the

'662 application") as unpatentable under 35 U.S.C. § 103(a) (2006).[1] *See Ex parte Lorkovic*, No. 2015-004341, 2016 WL 6136754, at *1, *6 (P.T.A.B. Oct. 19, 2016) ("*Board Decision*"); Joint App. ("J.A.") 8–20. Because the Board did not err in its decision, we *affirm*.

BACKGROUND

Lorkovic filed the '662 application on March 20, 2006, claiming priority from a provisional application filed on March 22, 2005. J.A. 117. The '662 application, which is entitled "Dual Display Interactive Video," is directed to a home entertainment content delivery system "for interactive content dissemination over the internet." *See* '662 application Abstract. Claim 62, the only independent claim, reads as follows:

> 62. A system for displaying video content and associated web content, comprising:
>
> a processor operable to:
>
> > cause video content to display in an area of a first display of a first remote device;
> >
> > receive a first set of position coordinates associated with a user selection within the first area of the first display during display of the video content on the first display;
> >
> > identify web content based on the first set of position coordinates; and
> >
> > cause the web content to display on a second display of a second remote device,

---

[1]    Because the '662 application was filed before the enactment of the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), we apply the pre-AIA version of 35 U.S.C § 103.

wherein the first device and the second device are remote from each other, and wherein the processor does not reside at the first remote device and the second remote device.

J.A. 89.

The Examiner rejected all pending claims of the '662 application as obvious under 35 U.S.C. § 103(a). Claims 62–64, 67–69, 71–73, and 77–85 were rejected as obvious over U.S. Patent 5,918,012 to Astiz *et al.* ("Astiz") in view of U.S. Publication 2005/0229233 to Zimmerman *et al.* ("Zimmerman").[2] J.A. 102. Both Astiz and Zimmerman are directed to providing complementary information or content based on a user interaction with a video. Astiz discloses a system that displays video content from the internet based on the user interaction. *See* Astiz col. 4 ll. 48–59, col. 10 ll. 53–65. Zimmerman discloses a method where the complementary information may be sent to "a secondary screen, such as a personal digital assistant, a touch-screen remote control, a web pad, a mobile phone, or the like." *See* Zimmerman ¶ 57. The Examiner found that it would have been obvious to one skilled in the art to combine the internet enabled system in Astiz with the secondary screen taught by Zimmerman to achieve the claimed subject matter.

Lorkovic appealed to the Board, which affirmed the Examiner's obviousness rejections. In his appeal, Lorkovic argued that Astiz and Zimmerman were not combinable because integrating Zimmerman with Astiz would require altering how Astiz functions and thus teaches away from doing so. The Board was not persuad-

---

[2] Claims 75 and 86 were rejected as obvious over a different combination of prior art references, which are not at issue in this appeal.

ed by Lorkovic's contentions, which it found were premised on "'physical' or 'bodily' incorporation of limitations of one reference into the other." *Board Decision*, 2016 WL 6136754, at *2. The Board held that the teachings were properly combinable, even if the physical objects were not, and that the claimed subject matter would have been obvious to one of ordinary skill in the art. *Id.*

Lorkovic filed a request for rehearing by the Board, which the Board denied. *Ex parte Lorkovic*, No. 2015-004341, 2016 WL 7474870, at *4 (P.T.A.B. Dec. 20, 2016) ("*Rehearing Decision*"). Lorkovic argued that the Board had failed to require that (1) the Examiner establish a *prima facie* case of obviousness and (2) Astiz and Zimmerman were not compatible systems and could not be combined to result in the present invention.

The Board found that Lorkovic waived the *prima facie* case argument by not raising it in his prior briefing. *Id.* at *1–2. The Board also explained that even if the argument had not been waived, the Examiner had satisfied his initial burden of presenting a *prima facie* case of obviousness. *Id.* at *2 (finding that the Examiner had properly articulated how the combination of Astiz and Zimmerman rendered the claimed subject matter obvious). The Board reconsidered its earlier decision and still concluded that the claimed subject matter would have been obvious to one of ordinary skill in the art over Astiz and Zimmerman. *Id.* at *3–4.

Lorkovic timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal determinations *de novo*, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings underlying those determinations for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). A finding is supported by substan-

tial evidence if a reasonable mind might accept the evidence to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Obviousness is a question of law based on underlying factual findings, *In re Baxter*, 678 F.3d 1357, 1361 (Fed. Cir. 2012), including what a reference teaches, *In re Beattie*, 974 F.2d 1309, 1311 (Fed. Cir. 1992), the existence of a reason to combine references, *In re Hyon*, 679 F.3d 1363, 1365–66 (Fed. Cir. 2012), and whether the prior art teaches away from the claimed invention, *In re Mouttet*, 686 F.3d 1322, 1330 (Fed. Cir. 2012).

We first consider whether the Board erred in affirming the Examiner's obviousness rejections. As an initial matter, the Director of the Patent and Trademark Office ("the Director") argues that Lorkovic erroneously challenges the findings in the Examiner's final office action rather than the Board's final decision.

We agree with the Director that we must review the final Board decision, not the Examiner's final rejection. *See* 28 U.S.C. § 1295(a)(4)(A). To the extent, however, that the Board adopted the Examiner's findings, we will review Lorkovic's challenges to what is in the Board's opinion.

Lorkovic argues that Astiz and Zimmerman are not combinable and would not render the claimed subject matter obvious. According to Lorkovic, the web browsing functionality in Astiz is not compatible with the analog based Zimmerman device. As a result, Lorkovic contends that the software and hardware engineering necessary to enable the present invention is nonexistent in the prior art references.

The Director responds that substantial evidence supports the Board's factual findings that Zimmerman teaches using a second device, and that Astiz's server could be modified to accommodate this second device.

We agree with the Director that substantial evidence supports the Board's determination that one of ordinary skill in the art would have combined Astiz and Zimmerman to render the claimed subject matter obvious. We have previously observed that "applying computer and internet technology to replace older electronics has been commonplace in recent years" and found obviousness in reliance on that observation. *See W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1370 (Fed. Cir. 2010) (citations omitted).

The Board here found that Astiz teaches a processor that can receive user input and display video content from the internet. *Board Decision*, 2016 WL 6136754, at *2 (citing Astiz col. 4 ll. 54–59, col. 10 ll. 53–65). The Board also found that Zimmerman teaches a processor operable to cause web content to be displayed on a display of a second remote device. *Id.* (citing Zimmerman ¶ 57). The Board determined that one of ordinary skill in the art could "modify[] the . . . server of Astiz to transmit the web content to a second remote device, as taught by Zimmerman" rendering the claimed invention obvious. *Id.* at *3. These findings constitute substantial evidence. We therefore conclude that substantial evidence supports the Board's determination that a person of ordinary skill in the art would have found the claimed subject matter obvious over the combination of Astiz and Zimmerman.

Lorkovic puts forth additional nonobviousness arguments with respect to claims 62–64, 67–69, 71–73, 75, and 77–85, which are different from those he presented to the Board. Lorkovic does not separately argue claim 86. The Director responds that Lorkovic has not properly developed his arguments on appeal, and thus has not carried his burden of demonstrating reversible error.

We agree with the Director that we should not reach Lorkovic's additional arguments with respect to these claims. Lorkovic does not challenge claim 86 on appeal,

and thus it is waived. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("[A]rguments not raised in the opening brief are waived."). Lorkovic's additional arguments with respect to claims 62–64, 67–69, 71–73, 75, and 77–85 differ from those he raised before the Board, and we thus decline to consider those arguments raised for the first time on appeal. *See In re Watts*, 354 F.3d 1362, 1367–68 (Fed. Cir. 2004); *see also Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("With a few notable exceptions, . . . appellate courts do not consider a party's new theories, lodged first on appeal."). We therefore affirm the Board's decision that the Examiner did not err in rejecting claims 62–64, 67–69, 71–73, 75, and 77–86.

Lorkovic argues that the Board set forth a new ground of rejection in its *Rehearing Decision* by "framing the Astiz patent disclosure as having a secondary display." Appellant Br. 11. In effect, he asserts that he has thereby been denied due process. The Director responds that the Board has maintained the same obviousness rationale throughout the entire proceeding and that we should therefore reject Lorkovic's argument.

We have held that the Board violates an individual's administrative right to due process if it raises a new ground of rejection without giving notice and an opportunity to respond. *See In re Stepan Co.*, 660 F.3d 1341, 1344–46 (Fed. Cir. 2011); *see also* 37 C.F.R. § 41.50(b). "Whether the Board relied on a new ground of rejection is a legal question that we review *de novo*." *In re Stepan*, 660 F.3d at 1343 (italics added and citation omitted).

We agree with the Director that the Board did not rely on a new ground of rejection in its *Rehearing Decision*. The Board agreed with the Examiner that Astiz discloses *causing* the web content to be displayed on a second display and reaffirmed this finding in its *Rehearing Decision*. *Compare Board Decision*, 2016 WL 6136754, at

*2 *with Rehearing Decision*, 2016 WL 7474870, at *3. There was no new ground of rejection. We therefore conclude that this argument lacks merit.

We have considered Lorkovic's remaining arguments but find them unpersuasive or waived.

CONCLUSION

For the foregoing reasons, we conclude that the Board did not err in affirming the Examiner's rejections of claims 62–64, 67–69, 71–73, 75, and 77–86 of the '662 application.

**AFFIRMED**